### KELLY and others *v.* DEMING and others.

*(Circuit Court, E. D. Missouri.  January 17, 1881.)*

**1. ATTACHMENT — PROPERTY IN POSSESSION OF CARRIER—VENDOR AND VENDEE.**

Certain property, payable in cash on delivery, was attached by the vendee's creditors while still in the possession of the carrier. *Held,* that such creditors could acquire no right in the property, or to the possession thereof, as against the vendor, without, at least, payment of the price and charges.—[ED.

Trial without the Intervention of a Jury.

*Chester Krum,* for plaintiffs.

*Stewart & Bakewell,* for defendants.

TREAT, D. J.   One Warriner, through false and fraudulent representations, caused plaintiffs to ship to him the property in question; payable in cash on delivery. The property was shipped by rail, and, said Warriner having in the meantime absconded, was placed in the railway's storehouse, subject to order, etc. Thereupon creditors of Warriner caused the same to be seized by attachment, and the plaintiffs caused the same to be replevied out of the possession of said attaching creditors and the officers who at their instance had seized

the same. Warriner never paid for said property, or claimed the same, while in the custody of the railway company. As stated at the trial, where property acquired by fraud has passed to innocent purchasers from the vendee for value, after delivery to the vendee, the vendor cannot as between himself and said purchasers reclaim the same. Yet the right of stoppage in transit cannot be defeated by such sale before delivery. The cases cited turn mainly on the question of actual or constructive delivery, the *bona fides*, and where given by the alleged purchaser.

The dispute as to a valuable consideration is a very old one, and pertains not to the purchase of goods alone, but to the transfer of commercial paper. As to the latter class of cases, the most noted are those in New York. The case before the court does not call for any inquiry as to the nature of a valuable consideration when the same is for an antecedent debt, and the transferor makes the transfer for such consideration alone. Here the vendor made no transfer. He had not even received possession of the property. It was still in possession of the carrier, subject to stoppage *in transitu*. The shipment was made for cash on delivery. The attaching creditors were subordinate in right to the shipper, and therefore the plaintiffs' replevy must hold.

The property in question had never passed into the actual custody of Warriner, and he had never complied with the terms of shipment or purchase. His attaching creditors had never purchased this property from him, nor parted with value therefor, nor dealt with him on the faith of his ownership thereof. Indeed, he never became the owner of the property, for he never complied with the terms of the conditional sale nor exercised any right of possession. But it is contended that there was a right of possession vested in the vendee which passed to the attaching creditors, viz., a right on payment of the sale price and charges of transportation to the possession of the property; and consequently that the plaintiff, on taking the property by replevy, ought to respond to the attaching creditors for the difference in the price at

which the property was sold, with costs of transportation added, and the actual value of the property at the date of the replevy. The vendee had a right on payment of the cash price and charges to receive the property and thus become the absolute owner thereof, or to take possession as consignee. He never paid the price or charges, never received the property, and never claimed the same. It had been shipped to him on the terms stated, and by no act of his had plaintiff's rights been defeated. What legal complications might have arisen, if he had taken possession from the carrier, it is not necessary to discuss. No such possession was was ever obtained or claimed by, nor was any sale made by, him in transit, and the property was still in possession of the carrier. How then could his attaching creditors acquire as against the vendor any right in the property or to the possession thereof, at least without payment of the price and charges? If they had any such right on such payment made, can they, without such payment or tender, hold the vendor to an ascertainment of the value of the property replevied, with charges added, and answer over to them for the balance? Until the vendee had an acquired right in the property, irrespective of the vendor, his creditors could not defeat the vendor's demand, nor make the vendor who had reclaimed his own property responsible to them for any supposed or actual accessions in value intermediate the shipment and replevy. This case is here free from all questions as to an assignment of a bill of lading or bill drawn against the shipment.

As no special damages for detention by defendants have been proved, the court orders judgment for the plaintiff for nominal damages and costs.